IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOE CURTIS HARRIS,

    Plaintiff,

v.

CIVIL ACTION NO.: CV507-002

CALVIN D. MORTON and
Correctional Officer COBB,

    Defendants.

## MAGISTRATE JUDGE'S ORDER
## AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at D. Ray James Prison in Folkston, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Plaintiff was granted leave of the Court by Order dated January 23, 2007, to proceed in forma pauperis in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which have been dismissed and count as strikes under § 1915(g): (1) Harris v. Fowler, et. al, CV506-066 (S.D. Ga. November 27, 2006) (dismissed for failure to state a claim); (2) Harris v. Davis, et. al, CV499-242 (S.D. Ga. December 27, 1999) (dismissed for failure to follow a court order); and (3) Harris v. Blake, et. al, CV498-212 (S.D. Ga. November 25, 1998) (dismissed for failure to state a claim).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access the courts, to due process of law, or to equal protection, nor does it violate the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that

serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

In his Complaint, Plaintiff asserts that Defendant Cobb falsely accused him of violating institutional rules and thus denied him his right to due process. (Doc. No. 1, pp. 2-3). Plaintiff also asserts that Cobb was "demeaning," "derogatory," and "condescending" to him. Plaintiff contends that Defendant Morton allowed such conduct of his subordinate. Because Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to proceed *in forma pauperis* and is required to pay the complete filing fee pursuant to § 1915(g).

Accordingly, the Court **VACATES** its January 23, 2007, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 26th day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE